Vol. 17.
App. Div.
17    13
22ap555

17    13
39    319

17    13;
a162a657

17    13
58    605

BERTHA MAGNER, Respondent, v. THE MUTUAL LIFE ASSOCIATION of the City of Brooklyn, Appellant.

*Life insurance — misstatement of age and as to the existence of other insurance — waiver by acceptance of a premium — a by-law limiting the time to sue must be reasonable.*

A defense to a recovery upon a policy of insurance, that the applicant understated her age in the application, and that she falsely stated therein that she was not insured in any other company, is waived where the insurer, having knowledge of the existence of such defense, accepts a premium from the beneficiary of the policy, pursuant to a demand made therefor, after proofs of death have been received by it.

The provisions of the policy and the by-laws of an insurance association should be construed together, and a by-law which provides that no action shall be maintained upon a policy unless it is begun within six months after the death of the insured, should be held to be void, as being unreasonable, when attempted to be applied to a case in which the insurer has delayed its final determination as to whether it will pay the claim until three days before the expiration of such six months.

APPEAL by the defendant, The Mutual Life Association of the City of Brooklyn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 5th day of June, 1896, for $1,178.85 damages and costs upon the verdict of a jury rendered by direction of the court.

*Davis N. Salisbury*, for the appellant.

*Elijah W. Holt*, for the respondent.

FOLLETT, J. :

This action was begun September 18, 1895, by Maggie J. Murray, as plaintiff, to recover the amount alleged to be due her as the beneficiary in a policy of insurance issued by the defendant August 1, 1894, upon the life of Catherine Curtin, her aunt, for $1,000. November 21, 1895, Maggie J. Murray assigned the cause of action to Bertha Magner, who, by an order granted December 23, 1895, was substituted as the plaintiff herein in the place and stead of Maggie J. Murray.

The action was defended on five grounds : (1) That the age of the insured was understated in the application ; (2) that it was untruly stated in the application that she was not insured in any other company ; (3) that the beneficiary in the policy was changed without the

direction of the insured to a person who had no insurable interest in her life; (4) that the action not having been begun within six months after the death of the insured it was barred by section 2 of article 4 of defendant's by-laws; (5) that the insured was not in good health at the date of the application, but was then afflicted with a disease of which she died.

Whether the age of the insured was understated in the application is uncertain. The insured certainly made contradictory statements in respect to it. It was untruly stated in the application that she was not insured in any other company, for she was at the time insured in the Industrial Benefit Association of Syracuse, New York, for $2,000, which policy was existing at the time of her death. There was no evidence that tended to support the third defense, that the beneficiary in the policy was changed without the direction of the insured.

In respect to the first and second defenses the defendant, prior to April 11, 1895, knew that the insured had misstated her age in the application to the defendant or in the application to the Industrial Benefit Association of Syracuse, and on that date the defendant received seven dollars and thirty-three cents from the beneficiary named in the policy, and gave the following receipt:

"BUFFALO, N. Y.

"Mutual Life Association of the City of Brooklyn has received from the owner of its policy No. 2,013, $7.33, being bi-monthly premium No. 19, due May 1st, 1895, upon condition that it shall not reinstate said policy if lapsed by reason or* non-payment of any previous premium at maturity, if still remaining unpaid.

"A. G. WARREN,
"E. E. PALMER,                                 "President.
      "Secretary.

"This receipt, to be valid for any purpose, must be countersigned by the collector to whom the amount is paid.

"Countersigned at BUFFALO, N. Y., this 11th day of April, 1895.
———— ————, Collector.

"E. E. PALMER,
      "Secretary."

---

*Sic.

This assessment or premium was paid by the beneficiary pursuant to a demand by the defendant after proofs of death had been received, after the defendant knew of the statement of age made to the Industrial Benefit Association, and after the defendant knew that she had untruly stated that she was not insured in any other corporation or association, and the acceptance of this sum was a waiver of all defenses then known to exist.

In respect to the fourth defense, section 2 of article 4 of the defendant's by-laws provides : " No action shall be brought or maintained against this association upon any certificate of membership or policy issued by it, unless the same shall be commenced within the period of six months next succeeding the date of the death of the person upon whose life such certificate shall have been issued."

The policy provided that " all benefits and claims thereunder shall be payable at such office (the New York office), and become due and payable within ninety days next after the acceptance by said association of proofs satisfactory to it, by affidavits showing the death of the insured, and such other facts as shall be required by the association, and made out on blank forms adopted and to be furnished by it for such purpose, and shall accrue and be paid in conformity with the by-laws and the rules and regulations of this association, and these conditions and provisions."

August 6, 1895, the defendant's secretary wrote the beneficiary that her claim would be considered August 21, 1895, and, September 11, 1895, the secretary wrote her that her claim had been rejected by the defendant's executive committee, and seven days thereafter this action was begun, which was four days after the expiration of six months after the death of Catherine Curtin.

The provisions of the by-laws and of the policy in respect to bringing actions must be construed together, and the by-law which provides that no action shall be maintained unless begun within six months after the death of the insured should be held to be void, as unreasonable, when attempted to be applied to a case like the present, in which the defendant delayed its final determination as to whether the claim would or would not be paid until three days before the expiration of the six months. The insured died March 14, 1895, and the notification that the claim would not be paid was dated September eleventh, following.

The evidence offered by the defendant, that the insured died of a disease with which she was afflicted at the time the policy was issued, utterly failed to establish the fact. The medical expert, sworn in behalf of the defendant, testified that he examined her in August, 1894, on her application for insurance in the Metropolitan Life Insurance Company, and found her in good health, and recommended the risk. There was no evidence tending to show that the insured was not in good health at the time she made the application to this defendant.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.