(58 App. Div. 602.)

### CROSS v. SECURITY TRUST & LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

LIFE INSURANCE—WAIVER OF TERMS OF POLICY—QUESTION FOR JURY.

Plaintiff's decedent applied to defendant company, through its agent, for a life policy. Defendant delivered the policy to the agent, who sent it to decedent, with a letter asking him to remit for the first premium as soon as possible. Decedent died a few days later without having paid the premium. On being notified of decedent's illness, decedent's employer opened a letter in his possession, addressed to decedent from defendant's agent, requesting payment of the first premium, and stating that the company "allow one only thirty days in which to place a policy," and, in response, the day after decedent's death sent the amount of the premium to defendant. Two months after receipt by defendant of proofs of death, defendant gave the plaintiff a check for the amount of the policy, but subsequently stopped payment. The application for the policy provided that no insurance should be in force until the delivery of the first premium. The policy provided that its conditions could only be changed or waived by one of its executive officers, in writing. *Held*, in an action to recover the amount of the policy, that the question whether sending the policy to decedent with knowledge of defendant's general agent operated to waive the provision for cash payment, and to grant a reasonable term of credit, was properly submitted to the jury.

Appeal from trial term, Westchester county.

Action by Sarah Cross against the Security Trust & Life Insurance Company. From a judgment in favor of the plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

John W. Brainsby, for appellant.
Charles W. Demond, for respondent.

WOODWARD, J. Clarence B. Hartough was a special agent of the Prudential Insurance Company in January, 1899. He had been in negotiation with George W. Cross for the purpose of writing a policy on his life. The latter had made an application to the Prudential Company, and had been rejected upon the medical examination. Hartough then represented to Cross that he could have the policy written by the defendant upon the medical examination which had been rejected by the Prudential Company, the latter negotiation taking place through the medium of letters; Cross, a traveling salesman, being upon the road. Cross made an application to the defendant upon blanks furnished by Hartough on the 31st day of January, 1899, and on the 23d day of February the policy was delivered to Hartough, who mailed the same to Cross at Chicago, accompa-

nied by a letter in which Hartough asked Cross to "kindly send me a draft either on New York or a money order for the premium ($97), payable to the order of the Security Trust & Life Insurance Company, as soon as possible, and I will send you receipt for same"; indicating on the part of Hartough that a reasonable term of credit was extended to Cross. Cross died of pneumonia in Chicago on the 21st day of March, 1899, at about 6 o'clock in the afternoon, without having paid the first premium, the application for the policy providing that "no insurance shall be in force until the delivery of the policy to, and the payment of the first premium by, the party whose life is insured, while in good health." On the 22d or 23d (probably the former) of March, 1899, a telegram was received by Mr. Hopper, the employer of Cross, announcing the serious illness of the latter, and that he was not expected to live. At the time of receiving this telegram, Mr. Hopper had in his possession a letter written by Hartough to Cross, dated March 21, 1899, hereafter referred to specifically, and, noticing that it was in relation to insurance, Hopper opened this letter, and, finding that it contained a request for the payment of the premium on the policy sent to Cross, Hopper drew his check for the amount of the first premium, which was subsequently delivered to the defendant at the home office in Philadelphia. Proofs of death, showing the time and circumstances, were received at the office of the defendant on the 17th day of May, and on the 15th day of July, 1899, almost two months after the receipt of the certificate of death, the defendant sent the plaintiff its check for $4,667, being the net amount of the policy of insurance upon her husband's life. Subsequently the defendant stopped payment upon this check, and this action was brought to recover the amount represented by the check. Upon the trial of the action, the court submitted to the jury the question whether the sending of the policy to Cross, under the circumstances disclosed by the evidence, and with the knowledge and consent of the defendant's general agent, Kell, operated to waive the provision for cash payment, and amounted to the granting of a reasonable term of credit. The jury found a verdict in favor of the plaintiff, and defendant's exceptions to the denial by the court of the motion to direct a verdict, as well as to the refusal of the court to charge as requested, bring the question here for review.

There is indorsed on the back of the policy the provision "that the terms and conditions of this policy can be added to, changed, or waived only by one of its executive officers in writing"; but the courts have been reluctant to give full force to provisions of this character, where the conduct of the company and its agents was such as to mislead the insured (Lamb v. Insurance Co., 22 App. Div. 552, 48 N. Y. Supp. 123); and the defendant having accepted and used the check of Hopper in payment of the first premium, when it had in its possession proofs of death showing that Cross was dead before the premium was paid, and with the knowledge that the premium was so paid by Hopper, taken in connection with the statement of Hartough in his letter of March 21st that "the Security Trust & Life Ins. Co. allow me only thirty days in which to place a

policy," made a question for the jury to determine. The defendant, with all of the facts in its possession for a period of nearly two months, issued its check to the plaintiff, and took from her a receipt in full for all claims, and it was proper for the jury to determine whether the facts did not warrant the contention of the plaintiff that a reasonable term of credit had been extended to Cross; this period being the 30 days mentioned by the agent of the defendant as the period allowed him for placing the policy. If the policy was delivered to Cross on credit, and the fact that the company received the check of Hopper and made use of it, with full knowledge or the means of knowledge that it was paid after the death of the insured, and the other facts disclosed by the evidence, may be considered in this connection by the jury, there is no doubt of the liability of the defendant to this plaintiff. The case appears to have been fairly tried, and, while the evidence in support of the contract is not very convincing, the defendant's counsel does not appear to have seriously questioned that Cross accepted the policy and became liable for the payment of the premium. Payment could have been enforced against his estate. The fact of his death did not deprive the defendant of the legal right to waive a default during his life, assuming that there was such default. Shay v. Society, 54 Hun, 109, 7 N. Y. Supp. 287; Magner v. Association, 17 App. Div. 13, 44 N. Y. Supp. 862; Lamb v. Insurance Co., supra. No exception was taken to the charge of the court upon this point, and the defense seems to have relied upon the stipulations in the policy and the application. We are of opinion that the jury might properly say, upon the evidence, that Cross received the policy, and was given a reasonable time in which to make the payment, and that this time was 30 days, within which period the defendant received the check of Hopper for the amount of the premium, or, at all events, that the defendant ultimately paid the policy with knowledge of all the facts now relied upon for a defense. The judgment and order appealed from should be affirmed.

Judgment and order affirmed on law and facts, with costs. All concur, except SEWELL, J., taking no part.